# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| AMANDA MCCOY | § | |
| | § | |
| VS. | § | NO. A-19-CV-1163-LY |
| | § | |
| WILLIAMSON COUNTY, TEXAS, et al. | § | |

## ORDER

Before the Court are Plaintiff's Opposed Motion for Limited Expedited Document and Recordings Discovery from Defendant Williamson County, Texas and Motion to Compel Discovery (Dkt. No. 15) and all related responses and replies. Facing an impending limitations deadline of early April, McCoy seeks an order that Defendant Williamson County respond to Plaintiff's Rule 34 requests by Friday, February 14, 2020, or such other time as the Court may order. Williamson County responds that McCoy's Rule 34 requests do not meet the criteria for expedited discovery and are not narrowly tailored to identify potential defendants prior to the limitations deadline in April. Alternatively, Williamson County requests until March 13, 2020, to respond.

## I. Background

This is a Section 1983 case involving the death of Daniel McCoy while he was detained at the Williamson County jail. McCoy alleges that Defendants failed to provide him with constitutionally-required mental health and medical care. Mr. McCoy was initially detained in 2017 and died on April 18, 2018, after an incident at the jail on April 13, 2018. The statute of limitations for Section 1983 claims in Texas is 2 years. *First Beckwith v. City of Houston*, 2019 WL 5260361 at *3 (5th Cir. Oct. 16, 2019). This case was filed on November 26, 2019. After Plaintiff concurred in two requests for extensions, Defendants filed their answer on January 30, 2020.

McCoy served early Rule 34 requests on Defendant Williamson County on January 15, 2020. Dkt. No. 15-1. Such requests are deemed served as of the date of the Rule 26(f) conference, which has yet to occur, and a response is due 30 days thereafter. FED. R. CIV. P. 26(d)(2); 34(b)(2)(A). McCoy asserts that because of the impending limitations deadline, she cannot wait until 30 days after an as-of-yet-unscheduled Rule 26(f) conference to gather information she needs to identify additional defendants in time to add them before the statute of limitations runs.

McCoy tried to resolve this matter with Williamson County through agreement, by requesting that it respond to her Rule 34 requests within 30 days of the date she first served it with the requests (January 15, 2020), which would have made the deadline February 14, 2020. After taking a week to respond, the County refused to agree, stating only that it would not agree to conduct discovery before it answered, nor agree to a response date less than thirty days from the answer date.[1] In its response to the motion, Williamson County further asserts that McCoy's requests are not narrowly tailored and that McCoy cannot show good cause for expedited discovery.

## II. Analysis

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by . . . court order." FED. R. CIV. P. 26(d)(1). District courts have considerable discretion in discovery matters, and Western District courts have adopted the "good-cause" standard to determine whether a party is entitled to expedited discovery. *See, e.g., Accruent, LLC v. Short*, 2017 WL 8811606 at *1 (W.D. Tex. Nov. 8, 2017); *Alamo Area Mut. Hous. Ass'n, Inc. v. Lazenby*, 2017 WL 7052289 at *4 (W.D. Tex. July 19, 2017); *Malibu*

---

[1] The irony of Williamson County refusing to agree to engage in discovery based on when it filed its answer—a date the County twice requested be extended, to which McCoy agreed to—is not lost on the Court.

*Media, LLC v. Doe*, 2019 WL 4003086 at *1–2 (W.D. Tex. Aug. 23, 2019). Determining whether good cause exists is a multi-factor analysis that "takes into consideration . . . the breadth of the discovery requests, the purpose for requesting expedited discovery, the burden on the defendants to comply with the requests, and how far in advance of the typical discovery process the request was made." *ELargo Holdings, LLC v. Doe-68.105.146.38*, 318 F.R.D. 58, 61 (M.D. La. 2016). The burden of showing good cause is on the party seeking expedited discovery. *Stockade Companies, LLC v. Kelly Rest. Grp., LLC*, No. 2017 WL 2635285 at *2 (W.D. Tex. June 19, 2017).

McCoy argues that good cause exists based on her need to identify un-named defendants in this case. *Colle v. Brazos Cnty.*, 981 F.2d 237, 243 n.20 (5th Cir. 1993). McCoy asserts that she cannot identify these individuals through publicly available documents, investigations, or news reports. She cites various cases in support of her argument. Dkt. No. 15 at 5-6.; *see also Alston v. Parker*, 363 F.3d 229, 233 n.6, 236 (3d Cir. 2004) (observing that expedited discovery aimed at identifying the proper defendants is "often beneficial" and urging district courts to "strongly consider" granting such discovery). Defendants respond that McCoy has failed to show "good cause" as she "has already presented a very detailed factual description and gathered a number of documents in support of her claims, but has not identified a single potential 'John Doe,' which is the subject of her requests." Dkt. No. 18 at 5. Defendants contend McCoy is seeking expedited discovery on the "chance" she will identify more defendants, which is not sufficient to show good cause. *Id.* Additionally, Defendants argue that McCoy's requests for production are not narrowly tailored to identify potential defendants, because the requests cover an extended period of time and involve information regarding individuals already identified as involved in or with knowledge of the incident. The Court is not persuaded by any of these arguments.

This case involves the death of an individual while in custody. McCoy is facing a limitations deadline, a very reasonable basis for requesting expedited discovery. Additionally, in light of the fact that McCoy was ill for as long as ten days prior to the April 13, 2018 incident, the requests are not overbroad, and are narrowly tailored to seek out the identity of additional defendants. Moreover, the burden on the existing Defendants is not great, as the only issue is when the discovery takes place, not whether it will take place, as Defendants will clearly be obligated to respond to the discovery in the context of this case. The only thing keeping McCoy from being able to compel the responses now is that the parties have not had a Rule 26(f) conference. That is not a good reason to prevent what is otherwise relevant discovery that McCoy has a valid reason to seek now. Accordingly, Plaintiff's Opposed Motion for Limited Expedited Document and Recordings Discovery from Defendant Williamson County, Texas and Motion to Compel Discovery (Dkt. No. 15) is **GRANTED**.

As mentioned, the Defendants have been in possession of the discovery requests since January 15, 2020—more than a month. In light of McCoy's request for swift responses, first posed to Defendants more than a month ago, the Court **ORDERS** that Defendants respond to McCoy's First set of Discovery Requests by February 28, 2020. Further, to avoid any future dispute regarding a party's ability to initiate discovery in this case, the parties are **FURTHER ORDERED** to conduct a Rule 26(f) conference on or before March 2, 2020.

SIGNED this 19th day of February, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE